UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALFRED TREADWELL                                CIVIL ACTION

VERSUS                                          NUMBER: 16-10926

SHERIFF JACK STRAIN, ET AL.                     SECTION: "N"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed by *pro se* Plaintiff, Alfred Treadwell, against Defendants, Jack Strain, former Sheriff of St. Tammany Parish; Gregory Longino, Warden of the St. Tammany Parish Jail ("STPJ"); Dr. R.D. Inglese of STPJ; the Louisiana Department of Corrections ("DOC"); and, the St. Tammany Parish Sheriff's Office ("STPSO"). (Rec. doc. 3, pp. 1, 4). Rather than moving to proceed *in forma pauperis* in this matter, Plaintiff has paid the full civil-action filing fee. (Docket entry following rec. doc. 3).

Plaintiff is an inmate of the Tensas Parish Detention Center ("TPDC") in Waterproof, Louisiana, who was at one time incarcerated at STPJ. In what has become somewhat of a recurring theme, Plaintiff has brought this latest in a series of serial lawsuits complaining of the adequacy of the medical care that he received at STPJ, despite the fact that he has not been housed in that facility since January 23, 2012. (*See* rec. doc. 7, p. 2 in No. 15-CV-3081; rec. doc. 21, p. 2 in No. 13-CV-5889; rec. doc. 16, p. 2 in No. 11-CV-2096). In his prayer for relief, Plaintiff seeks a copy of the medical records that were generated at the seven correctional facilities where he has been held over the years, including STPJ, as well as an unspecified amount of monetary damages. (Rec. docs. 3, pp. 4-5; 3-1, pp. 1-3).

Notwithstanding Plaintiff's payment of the full filing fee herein, federal law mandates that the Court review his complaint as one "… in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity," and to dismiss it if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; …" 28 U.S.C. §1915A(a), (b)(1).  A complaint is frivolous if the claims alleged therein have no arguable basis in law or fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).  A complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

Contrary to his answer to question No. I(A) of the standardized §1983 complaint form, which asked whether he had initiated any other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment, a review of the Court's records reveals that Plaintiff has previously initiated at least three lawsuits in this forum challenging the adequacy of the medical care that he received while he was housed at STPJ. In *Treadwell v. Louisiana Dept. of Corr., ET AL*, No. 11-CV-2096 "S"(1), Plaintiff sued the same five Defendants that he names in this suit, alleging that he had been dropped during the course of being examined on October 30, 2010 and requesting only that he been transferred to a DOC facility.  Through an initial Report and Recommendation, Plaintiff's claims against the DOC and the STPSO were dismissed as frivolous on the basis of Eleventh Amendment immunity and the fact that the STPSO is not an entity that is capable of being sued.  (Rec. docs. 5, 6 in No. 11-CV-2096).  After Plaintiff was transferred from the STPJ on January 23, 2012, the remainder of his lawsuit was dismissed without prejudice as moot as the sole relief requested by Plaintiff had been realized.  *Treadwell v. Louisiana Dept. of Corr.*, No. 11-CV-2096, 2011 WL 1135816 (E.D. La. Mar. 12, 2012), *adopted*, 2012 WL 1135780 (E.D. La. Apr.

4, 2012). Plaintiff's subsequent appeal of that dismissal was ultimately dismissed by the Fifth Circuit for want of prosecution. (Rec. doc. 25 in No. 11-CV-2096).

On September 25, 2013, Plaintiff initiated the §1983 proceeding entitled *Treadwell v. St. Tammany Parish Jail, ET AL*, No. 13-CV-5889, "C"(2) against the STPJ, Sheriff Strain, Warden Longino, and Dr. Inglese, again complaining of the incident that had occurred on October 30, 2010 as well as the allegations of medication misprescribing that he presents in this lawsuit. Following a *Spears*[1]/ hearing, Plaintiff's complaint was dismissed as frivolous and for failure to state a claim as his claims regarding the medical care that he had received at STPJ prior to January 23, 2012 had prescribed. *Treadwell v. St. Tammany Parish Jail*, No. 13-CV-5889, 2013 WL 9047424 (E.D. La. Dec. 16, 2013), *adopted and supplemented*, 2014 WL 3702691 (E.D. La. July 24, 2014). That dismissal was later affirmed by the Fifth Circuit Court of Appeals. *Treadwell v. St. Tammany Parish Jail*, 599 Fed.Appx. 189 (5th Cir. 2015).

Undaunted, Plaintiff then filed *Treadwell v. Strain, ET AL.*, No. 15-CV-3081 "E"(3) against Sheriff Strain, Warden Longino, Dr. Inglese, and others, reasserting the claims that he had previously but unsuccessfully advanced in No. 13-CV-5889. Acting on a Report and Recommendation issued by the presiding Magistrate Judge, on October 9, 2015, the District Judge entered judgment dismissing the matter with prejudice as malicious. (Rec. docs. 7, 8, 9). Just as had occurred in his first lawsuit, Treadwell's appeal of the latter dismissal was dismissed by the Fifth Circuit for want of prosecution. (Rec. docs. 14, 15 in No. 15-CV-3081).

In the present suit, Plaintiff once again seeks to re-litigate previously-rejected, prescribed claims which have also been dismissed as malicious on a subsequent occasion, some of which are brought against entitles cloaked with sovereign immunity or that lack the

---

[1]/ *Spears v. McCutter*, 766 F.2d 179 (5th Cir. 1985).

capacity to be sued. Irrespective of the fact that Plaintiff has paid the filing fee in this matter, because it presents claims that are both frivolous and malicious, it should be dismissed pursuant to 28 U.S.C. §1915A(b)(1). *Bazemore v. Abbott*, 423 Fed.Appx. 398 (5th Cir. 2011).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed as frivolous and malicious pursuant to 28 U.S.C. §1915(A)(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc). [2]

New Orleans, Louisiana, this 26th day of July, 2016.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

4